UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | Case No. 08-MD-1945 (RJH) |
| This Document Relates To: | |
| APOGEE ENTERPRISES, INC., ON BEHALF OF THE APOGEE ENTERPRISES, INC. 401(K) RETIREMENT PLAN, | |
|                           Plaintiff, | Case No. 09-CV-1899 (RJH)) |
|               v. | |
| STATE STREET BANK AND TRUST COMPANY; AND ING INSTITUTIONAL PLAN SERVICES LLC, FORMERLY KNOWN AS CITISTREET LLC, | |
|                           Defendants. | **DEFENDANT ING INSTITUTIONAL PLAN SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIMS, CROSS-CLAIMS, AND <u>THIRD-PARTY COMPLAINT</u>** |
| ING INSTITUTIONAL PLAN SERVICES LLC, FORMERLY KNOWN AS CITISTREET LLC, | |
|               Counterclaim, Cross-Claim, and Third-Party Plaintiff, | |
|               v. | |
| APOGEE ENTERPRISES, INC., APOGEE PENSION INVESTMENT COMMITTEE, RUSSELL HUFFER, ANTHONY NOWAK, DAVID BLANK, GARY JOHNSON, PAT BEITHON, RICHARD KRAUS, SILVEROAK WEALTH MANAGEMENT LLC, AND STATE STREET BANK AND TRUST COMPANY | |
|               Counterclaim, Cross-Claim, and Third-Party Defendants. | |

Defendant ING Institutional Plan Services LLC (f/k/a CitiStreet, LLC) ("CitiStreet"), by and through its undersigned attorneys, hereby answers Apogee Enterprises, Inc., on behalf of the Apogee Enterprises, Inc. 401(k) Retirement Plan ("Apogee" or "plaintiff") Complaint (the "Complaint") as follows:

1.      CitiStreet denies the allegations in paragraph 1, except admits upon information and belief that State Street Bank and Trust Company ("State Street") and Apogee Enterprises, Inc. have served as ERISA fiduciaries for the Apogee Enterprises, Inc. 401(k) Retirement Plan (the "Plan") from 1999 to the present, and that CitiStreet has served as the Plan's Recordkeeper since CitiStreet's formation in 2000.

2.      CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      CitiStreet denies the allegations concerning CitiStreet in paragraph 3, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.      CitiStreet denies the allegations in paragraph 4 concerning CitiStreet, except admits that Apogee Enterprises, Inc. purports to bring this case on behalf of the Plan, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 relating to the formation, structure and composition of the Apogee Enterprises, Inc. 401(k) Retirement Plan, the Apogee Enterprises, Inc. Tax Relief

Investment Plan, and the Apogee Enterprises Inc. Retirement Plan, except admits that Apogee is the named fiduciary and plan administrator of the Plan, and denies all other allegations in paragraph 6.

      7.    CitiStreet admits on information and belief that State Street Bank and Trust Company ("SSBT") has its principal place of business at One Lincoln Street, Boston, Massachusetts and that it is affiliated with State Street Corporation.  CitiStreet lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7.

      8.    CitiStreet admits, on information and belief, that State Street Global Advisors ("SSgA") is an investment manager with its principal place of business in Boston, Massachusetts, and that SSgA is affiliated with SSBT (together "State Street").  CitiStreet lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8.

      9.    CitiStreet admits on information and belief that SSgA is an institutional asset manager and that it manages and offers mutual funds and related products, including collective or "commingled" funds for ERISA-governed retirement plans and lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9.

      10.    CitiStreet admits the allegations in paragraph 10.

      11.    CitiStreet denies the allegations in paragraph 11, except admits that CitiStreet LLC was a limited liability company that was formed in 2000 as a joint venture by Citigroup Inc. and State Street Corporation, and that had its principal place of business in North Quincy, Massachusetts.

      12.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 12 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion

to dismiss. To the extent any answer is required, CitiStreet denies the allegation in paragraph 12 that it provided fiduciary services to the Plan and admits that CitiStreet provided administrative services to the Plan.

13.   CitiStreet denies the allegations in paragraph 13, except admits that in July 2008 its name was changed to ING Institutional Plan Services LLC.

14.   CitiStreet denies the allegations in paragraph 14, except admits that Apogee, on the one hand, and State Street and CitiStreet, on the other, are citizens of different states.

15.   CitiStreet denies the allegations in paragraph 15.

16.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that State Street and Apogee entered into a Recordkeeping Agreement, Investment Management Agreement, and Trustee Agreement, which, to CitiStreet's knowledge, were effective as of January 1, 1999.

21.   CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, except admits that State Street and Apogee entered

into a Recordkeeping Agreement, Investment Management Agreement, and Trustee Agreement, which, to CitiStreet's knowledge, were effective as of January 1, 1999.

22.     CitiStreet denies the allegations in paragraph 22, except that State Street and Apogee entered into a "Defined Contribution Plans Master Trust Agreement" (the "Trust Agreement"), which became effective on January 1, 1999.  CitiStreet respectfully refers the Court to the Trust Agreement for a complete statement of the terms of that agreement.

23.     CitiStreet denies the allegations in paragraph 23, except admits that State Street and Apogee entered into a Recordkeeping Agreement, which was effective as of January 1, 1999.  CitiStreet respectfully refers the Court to the Recordkeeping Agreement for a complete statement of the terms of that agreement.

24.     CitiStreet denies the allegations in paragraph 24, except admits that State Street and Apogee entered into an Investment Management Agreement, which was effective as of January 1, 1999.  CitiStreet respectfully refers the Court to the Investment Management Agreement for a complete statement of the terms of that agreement.

25.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.  To the extent that the allegations purport to quote the Investment Management Agreement, CitiStreet respectfully refers the Court to the original document for its contents.

31.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.  To the extent that the allegations purport to summarize the Investment Management Agreement or the Plan's Investment Policy Statement, CitiStreet respectfully refers the Court to the original documents for their contents.

32.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.  To the extent that the allegations purport to quote or summarize the Investment Policy Statement, CitiStreet respectfully refers the court to the original document for its contents.

33.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.  To the extent that the allegations purport to quote or summarize the Investment Policy Statement, CitiStreet respectfully refers the Court to the original document for its contents.

34.     CitiStreet denies the allegations in paragraph 34 concerning CitiStreet, except admits that it has periodically received updated copies of Apogee's Investment Policy Statement since 2000.  CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 with regard to State Street.

35.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, except admits, on information and belief, that State Street's Retirement Investment Services ("RIS") Group previously provided certain administrative and recordkeeping services for the Plan.

36.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.  To the extent that the allegations purport to quote or summarize a document, CitiStreet respectfully refers the Court to the original document for its contents.

37.     CitiStreet denies the allegations in paragraph 37, except admits that CitiStreet LLC was a limited liability company that was formed in 2000 as a joint venture by Citigroup Inc. and State Street Corporation.  CitiStreet further admits that since its formation CitiStreet LLC performed certain administrative and recordkeeping services for the Plan.

38.     CitiStreet denies the allegations in paragraph 38, except admits that it performed plan administrative services for Apogee pursuant to the Recordkeeping Agreement, and that pursuant to the Service Agreement between State Street and CitiStreet, State Street retains prime contractor liability on all services performed for Apogee, regardless of whether those services were performed by State Street or CitiStreet.

39.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 39 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 39, except admits that since 2000 CitiStreet employees have occasionally attended Apogee Pension Investment Committee (the "PIC") meetings.

40.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 40 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

41.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 41 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 42 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

43.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 43 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 43.

44.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 44 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion

to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 44.

45.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 45 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 concerning what "Apogee asked State Street."  CitiStreet denies the other allegations in paragraph 45, except admits that Apogee invested in CMB1, which was known as the Bond Market Series Fund Class A, which in turn invested entirely in the Bond Market Fund (CM29) (the "Bond Market Fund").

46.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 46 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, except admits that during the relevant time period Apogee invested in the Bond Market Fund and that Apogee's Strategy Funds were also invested in the Bond Market Fund.

47.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 47 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 47.

48.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 48 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.  To the extent that the

allegations purport to quote or summarize State Street's 1999 "Investment Review," CitiStreet respectfully refers the Court to the original document for its contents.

49.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 49 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, except admits that State Street prepared all Fund Fact Sheets concerning the Bond Market Fund.  To the extent that the allegations purport to quote or summarize State Street's "Fund Fact Sheet" for the Daily Bond Fund, CitiStreet respectfully refers the Court to the original document for its contents.

50.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 50 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 50, except admits that State Street prepared all Fund Fact Sheets concerning the Apogee Conservative Strategy Fund.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

51.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 51 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.  To the extent that the allegations purport to quote or summarize CitiStreet's presentation, CitiStreet respectfully refers the Court to the original document for its contents.

52.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 52 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 52 as to CitiStreet, except admits that CitiStreet transmitted information it received from State Street concerning the Bond Market Fund and the Apogee Strategy Funds to Apogee. CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

53.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 53 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 concerning what "Apogee and the Plan participants relied on," and denies all other allegations in paragraph 53.

54.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, except admits that State Street, and not CitiStreet, had responsibility for the strategy of the Bond Market Fund.

55.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 55 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, except admits that State Street, and not CitiStreet, had responsibility for the strategy and investments of the Bond Market Fund.

56.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 56 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 57 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 57.

58.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, except admits that State Street, and not CitiStreet, had responsibility for the Bond Market Fund's investments.

60.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 61 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 61, except admits that State Street provided letters and other communications that it had authored to CitiStreet concerning the Bond Market Fund with the express purpose that they be passed on, unchanged, to Apogee, and that those letters and communications clearly stated that they were authored by State Street.  CitiStreet also admits that State Street and not CitiStreet had control over the Bond Market Funds' "investment strategy, use of leverage, or investment in

securities backed by subprime mortgage loans." To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

62.     CitiStreet lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 62, except admits that the Bond Market Fund's value decreased between January 1, 2007 and August 24, 2007.

63.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, except admits that the Bond Market Fund decreased in value between January 1, 2007 and August 30, 2007.

64.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, except admits that in August 2007, Apogee received a letter from State Street concerning the Bond Market Fund. To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

65.     CitiStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except admits that on January 17, 2008 State Street Corporation filed an 8-K with the United States Securities and Exchange Commission. CitiStreet respectfully refers the court to State Street's January 17, 2008 form 8-K for its contents.

66.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, except admits that on January 3, 2008, State Street issued a press release that announced the resignation of William W. Hunt, then President and Chief Executive Officer of SSgA.

67.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except admits that, according to public newspaper articles, State Street reportedly "terminated" six senior members of SSgA's fixed income team in 2008.

68.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, except admits that on January 3, 2008, State Street issued a press release that stated that it had set up a $618 million reserve "to address legal exposure and other costs associated with the underperformance of certain active fixed-income strategies managed by State Street Global Advisors. . . ."

69.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 72 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 72 concerning CitiStreet and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

73.     CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 73 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in

paragraph 73 concerning CitiStreet and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, except admits upon information and belief that SilverOak Wealth Management was Apogee's primary investment advisor.

76.    CitiStreet denies the allegations in paragraph 76, except admits that Kevin McGrath emailed a letter to Apogee on July 31, 2007.  CitiStreet further admits that the letter was provided to CitiStreet and Kevin McGrath by State Street with instructions to change nothing but the salutation and signature block.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the court to the original document for its contents.  CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76.

77.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.    CitiStreet denies the allegations in paragraph 79, except admits that Kevin McGrath received an email from SilverOak on August 6, 2007.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the court to the original document for its contents.

80.     CitiStreet denies the allegations in paragraph 80, except admits that a conference call occurred on or about August 9, 2007, with participants from SilverOak, CitiStreet and State Street and that State Street's Jim Hopkins made statements on that call concerning the Bond Market Fund.

81.     CitiStreet denies the allegations in paragraph 81, except admits that on or about August 9, 2007 SilverOak asked CitiStreet and State Street how long it would take to administer a fund transition.

82.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     CitiStreet admits on information and belief that the PIC decided on August 13 to remain in the Bond Market Fund.  Except as so admitted, CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     CitiStreet denies the allegations in paragraph 87.

88.     CitiStreet denies the allegations in paragraph 88, except admits that CitiStreet corresponded with SilverOak on August 23 regarding a phone conference to take place on August 24.  CitiStreet further admits that SilverOak's Shannon King and John Foster, as well as State Street's Jim Hopkins, participated in a call on August 24.

89.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, except admits upon information and belief that a call occurred on August 24 between SilverOak and State Street.

90.     CitiStreet denies the allegations in paragraph 90, except admits that on August 28, 2007, Apogee and SilverOak received a letter dated August 27, 2007, authored by State Street, that included statements concerning the Bond Market Fund and Apogee's Strategy Funds as of August 24, 2007.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the Court to the original document for its contents.

91.     CitiStreet denies the allegations in paragraph 91.

92.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     CitiStreet denies the allegations in paragraph 94 that "CitiStreet's past representations were not true," but admits that Apogee decided to move from the Bond Market Fund to a passive fund, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94.

95.     CitiStreet denies the allegations in paragraph 95, except admits that Gary Johnson emailed Kevin McGrath on August 28 and asked to set up a conference call for the following day.

96.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, except admits that on August 30, 2007, Apogee withdrew from the Bond Market Fund.

97.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, except admits on information and belief that the value of the Bond Market Fund dropped between August 9 and August 30, 2007.

98.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the court to the original document for its contents.

100.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, except admits on information and belief that the Bond Market Fund dropped in value between August 9 and August 30, 2007.

101.    CitiStreet denies the allegations in paragraph 101.

102.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.  To the extent that the allegations purport to quote or summarize a printed document, CitiStreet respectfully refers the court to the original document for its contents.

103.    CitiStreet denies the allegations in paragraph 103 concerning CitiStreet and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103.

104.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 104 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 104, except refers the Court to the cited statute for its full contents.

105.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 105 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 105, except refers the Court to the cited statute for its full contents.

106.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 106 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 106, except refers the Court to the cited statute for its full contents.

107.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 107 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 107, except refers the Court to the cited statute for its full contents.

108.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 108 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 108, except refers the Court to the cited statute for its full contents.

109.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 109 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in

paragraph 109 concerning CitiStreet and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109.

110.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 110 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 110, except refers the Court to the cited statute for its full contents.

111.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 111 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 111, except refers the Court to the relevant statute for its full contents.

112.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 112 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 112, except refers the Court to the cited statute for its full contents.

113.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 113 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 113.

114.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 114 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 114.

115.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 115 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 115.

116.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 116 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet repeats and realleges its replies to paragraphs 1–115 of the Complaint.

117.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 117 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 117 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 117.

118.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 118 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 118 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118.

119.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 119 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 119 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119.

120.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 120 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 120 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120.

121.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 121 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 121 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121.

122.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 122 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 122 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122.

123.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 123 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 123 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 123.

124.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 124 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in

paragraph 124 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124.

125.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 125 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 125 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 125.

126.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 126 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet repeats and realleges its replies to paragraphs 1–125 of the Complaint.

127.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 127 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 127 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 127.

128.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 128 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 128 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 128.

129.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 129 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion

to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 129 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129.

130.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 130 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 130 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130.

131.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 131 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 131 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 131.

132.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 132 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 132 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132.

133.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 133 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 133 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133.

134.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 134 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 134 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134.

135.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 135 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 135 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 135.

136.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 136 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 136 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 136.

137.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 137 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 137 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137.

138.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 138 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that

an answer is required, CitiStreet repeats and realleges its replies to paragraphs 1–137 of the Complaint.

139.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 139 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 139 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139.

140.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 140 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 140 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140.

141.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 141 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 141 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141.

142.   CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 142 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that

an answer is required, CitiStreet denies the allegations in paragraph 142 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 142.

143.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 143 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 143 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 143.

144.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 144 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 144 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144.

145.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 145 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss and because this cause of action is not asserted against CitiStreet.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 145 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 145.

146.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 146 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion

to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 146.

147.   CitiStreet denies the allegations in paragraph 147 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 147.

148.   CitiStreet repeats and realleges its replies to paragraphs 1–147 of the Complaint.

149.   CitiStreet denies the allegations in paragraph 149, concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 149.

150.   CitiStreet denies the allegations in paragraph 150 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 150.

151.   CitiStreet denies the allegations in paragraph 151 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151.

152.   CitiStreet denies the allegations in paragraph 152 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152.

153.   CitiStreet denies the allegations in paragraph 153 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 153.

154. CitiStreet denies the allegations in paragraph 154 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 154.

155. CitiStreet repeats and realleges its replies to paragraphs 1–154 of the Complaint.

156. CitiStreet denies the allegations in paragraph 156 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 156.

157. CitiStreet denies the allegations in paragraph 157 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 157.

158. CitiStreet denies the allegations in paragraph 158 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 158.

159. CitiStreet denies the allegations in paragraph 159, except admits that Apogee withdrew from the Bond Market Fund on August 30, 2007 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 159.

160. CitiStreet denies the allegations in paragraph 160 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 160.

161.    CitiStreet denies the allegations in paragraph 161 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph.

162.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 162 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet repeats and realleges its replies to paragraphs 1–161 of the Complaint.

163.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 163 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 163 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163.

164.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 164 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 164 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 164.

165.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 165 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 165 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 165.

166.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 166 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 166 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 166.

167.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 167 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 167 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 167.

168.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 168 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 168 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 168.

169.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 169 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 169 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 169.

170.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 170 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion

to dismiss.  To the extent that an answer is required, CitiStreet repeats and realleges its replies to paragraphs 1–169 of the Complaint.

171.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 171 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 171 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 171.

172.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 172 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 172 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 172.

173.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 173 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 173 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 173.

174.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 174 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 174 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 174.

175.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 175 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 175 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 175.

176.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 176 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 176 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176.

177.    CitiStreet believes that it is not obligated to respond to the allegations set forth in paragraph 177 pursuant to this Court's September 17, 2010 ruling on CitiStreet's motion to dismiss.  To the extent that an answer is required, CitiStreet denies the allegations in paragraph 177 concerning CitiStreet, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

To the extent that plaintiff's claims are premised on any alleged misrepresentation or material omission, those claims fail because plaintiff did not actually rely on any such alleged misrepresentation or omission.

### Third Affirmative Defense

To the extent that plaintiff's claims are premised on any alleged misrepresentation or material omission, those claims fail because plaintiff did not reasonably rely on any such alleged misrepresentation or omission.

### Fourth Affirmative Defense

Plaintiff voluntarily assumed the risk of injury that the Plan allegedly sustained.

### Fifth Affirmative Defense

Any injuries that the Plan allegedly sustained occurred as a direct result of plaintiff's failure or the failure of the Plan's fiduciaries to exercise reasonable prudence and care.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of ratification.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because CitiStreet acted in good faith, in accordance with applicable law, and without knowledge of any wrongful acts or intent. Any and all acts taken by CitiStreet were lawful, proper, and consistent with its duties and obligations to plaintiff.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

<u>Ninth Affirmative Defense</u>

CitiStreet is not liable to plaintiff because any alleged misrepresentations or omissions for which CitiStreet is allegedly responsible were not material and did not lead to the alleged losses.

<u>Tenth Affirmative Defense</u>

The conduct of persons and/or entities other than CitiStreet, including SilverOak, Apogee, members of the Apogee PIC, and State Street, was a superseding or intervening cause of the alleged losses.

<u>Eleventh Affirmative Defense</u>

To the extent that plaintiff or the Plan have suffered any injuries or damages, CitiStreet did not proximately cause such injuries or damages.

<u>Twelfth Affirmative Defense</u>

CitiStreet is not liable to plaintiff because plaintiff failed to avoid or mitigate any alleged damages.

**<u>RESERVATION OF RIGHTS</u>**

CitiStreet presently lacks sufficient knowledge or information to form a belief as to whether it may have additional affirmative defenses and expressly reserves any and all rights to assert additional affirmative defenses in the event it discovers facts supporting such defenses.

**<u>COUNTERCLAIMS, CROSS- CLAIMS AND THIRD-PARTY CLAIMS</u>**

1.    CitiStreet hereby asserts (a) counterclaims for contribution, common-law indemnification, and contractual indemnification against plaintiff Apogee; (b) cross-claims for contribution and common-law indemnification against defendant State Street; and (c) third-party claims for contribution and common-law indemnification against third-party defendants the Apogee Pension Investment Committee (the "PIC"),  Russell Huffer, Anthony Nowak, David

Blank, Gary Johnson, Pat Beithon and Richard Kraus (collectively, the "PIC Members") and SilverOak Wealth Management LLC ("SilverOak"), as follows:

## Nature of the Claims

2. In the Complaint, Apogee alleges that CitiStreet is liable for a fraudulent or negligent misstatement in August. CitiStreet *denies* that it engaged in any wrongdoing whatsoever, that it is liable to the Plan or the Plan's participants, and that the Plan or the Plan's participants suffered any harm or loss or were deprived of any rights or monies to which they were entitled.

3. CitiStreet brings these counterclaims, cross-claims, and third-party claims for contribution and/or indemnification solely in the event that CitiStreet is held liable to Apogee. As set forth below, Apogee, State Street, the PIC, the PIC Members and Silver Oak are far more responsible than is CitiStreet for any alleged harm suffered by the Plan in connection with the matters alleged in the Complaint. In addition, Apogee is contractually obligated to indemnify CitiStreet. CitiStreet asserts these claims without prejudice to the positions taken by CitiStreet in this lawsuit—including but not limited to any of the denials and affirmative defenses herein—and without admitting any liability or wrongdoing whatsoever.

## The Parties

4. CitiStreet is a retirement plan and benefits service provider with a principal place of business at One Heritage Drive, North Quincy, Massachusetts 02171.

5. State Street Bank and Trust Company ("State Street") is a Massachusetts trust company and wholly owned subsidiary of State Street Corporation with its principal place of business in Boston, Massachusetts.

6. Apogee is the sponsor, named fiduciary and plan administrator of the Apogee Enterprises, Inc. 401(k) Retirement Plan (the "Plan").

7.      The PIC is the committee that is charged with the administering the Plan.

8.      Third-party defendant Russell Huffer was the Chairman and Chief Executive Officer of Apogee in July and August of 2007.  Huffer served as a member of the PIC and was a fiduciary of the Plan.

9.      Third-party defendant Anthony Nowak was the Vice President of Finance for Apogee subsidiary Viracon, Inc. in July and August of 2007.  Nowak served as a member of the PIC and was a fiduciary of the Plan.

10.      Third-party defendant David Blank was the Vice President of Human Resources at Apogee subsidiary Wausau Window & Wall Systems.  During July and August of 2007, Blank served as a member of the PIC and was a fiduciary of the Plan.

11.      Third-party defendant Gary Johnson was the Vice President and Treasurer of Apogee in July and August of 2007.  Johnson served as a member of the PIC and was a fiduciary of the Plan.

12.      Third-party defendant Richard Kraus was the Vice President of Administration and Human Resources at Apogee subsidiary Harmon, Inc in July and August 2007.  Kraus served as a member of the PIC and was a fiduciary of the Plan.

13.      Third-party defendant SilverOak Wealth Management, LLC, is a Minneapolis, St. Paul-based independent wealth management firm and Registered Investment Advisor.  Upon information and belief, SilverOak served as the primary investment advisor to the Plan from June 2004 through December 2007.

## Jurisdiction and Venue

14.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties to this action are diverse and the amount in controversy exceeds $75,000.

15.     Venue is proper in the Southern District of New York because the Panel on Multidistrict Litigation transferred this action to the Court for pretrial purposes on February 12, 2009.

## Statement of Facts

**The Apogee PIC's Decision Not to Remove the Bond Market Fund as an Investment Option for Plan Participants**

16.     Each of Apogee, the PIC, the PIC Members, and Silver Oak were fiduciaries of the plan.

17.     Apogee, the PIC, the PIC Members, and SilverOak were jointly and severally responsible for monitoring the Plan's investments at all relevant times, including in 2007, and for making investment decisions for the Plan.

18.     As the Court has held, CitiStreet was not a fiduciary of the Plan and was not responsible for making investment decisions for the Plan.

19.     State Street was responsible for managing the Bond Market Fund.

20.     The Bond Market Fund suffered substantial losses in 2007.

21.     Apogee alleges in the Complaint that by mid-2007, Apogee, the PIC, the PIC Members and SilverOak knew of and had grown concerned with the Bond Market Fund's underperformance but failed to remove the Bond Market Fund as an option until August 30, 2007.

22.     In June 2007, Apogee alleges that Gary Johnson communicated his concerns about the Bond Market Fund's performance to SilverOak.

23.     On July 31, 2007, Apogee, the PIC, the PIC Members and SilverOak received a letter authored by State Street, which described further declines in the value of the Bond Market Fund.

24.     Despite receiving this information, SilverOak did not recommend and the PIC Members did not recommend that Apogee remove the Bond Market Fund as an investment option for participants in the Plan.  Indeed, the Apogee PIC and its members did not organize any meeting to discuss the Bond Market Fund's losses.

25.     On or about August 9, 2007, SilverOak had a conference call with CitiStreet's Kevin McGrath and State Street's Jim Hopkins.  Apogee alleges that on this call SilverOak learned from Hopkins that the Bond Market Fund had losses of 4.3% in July 2007 and that the fund was down approximately 2%-3% through the first eight days of August.

26.     On August 10, 2007, after the August 9, 2007 conference call, SilverOak, as representative of Apogee and the PIC, advised CitiStreet that Apogee's plan was to maintain the Bond Market Fund as an investment option and "to ride out the recent volatility."

27.     Two weeks after receiving State Street's letter about the losses in the Bond Market Fund, the PIC met on August 13, 2007 to discuss the Bond Market Fund's performance. At this meeting, SilverOak recommended to the PIC that it remain invested in the Bond Market Fund and monitor the Bond Market Fund's performance.

28.     At the August 13, 2007 meeting, the PIC decided to maintain the  Bond Market Fund as an investment option for Plan participants.

29.     On or about August 21, 2007, SilverOak spoke with individuals from CitiStreet and State Street and was advised that the value of the Bond Market Fund's assets had declined from $292 million to $160 million.

30.     The Plan exited the Bond Market Fund on August 30, 2007.

31.     As fiduciaries to the Apogee Plan, Apogee, the PIC, the PIC Members, and SilverOak had the fiduciary duty to make decisions allocating plan assets.

32.    To the extent that the Plan suffered losses by reason of its investment in the Bond Market Fund, those losses were directly and proximately caused by actions or decisions of Apogee, the PIC, the PIC Members and SilverOak.

**State Street's Statements About the Bond Market Fund**

33.    As alleged in the Complaint, State Street was the Bond Market Fund's manager.

34.    As alleged in the Complaint, State Street invested the Bond Market Fund in subprime bonds.

35.    Apogee alleges in the Complaint that in late July, 2007, State Street's internal advisory groups, who oversaw actively-managed bond funds, began divesting their clients of their investments in the Fund and did not inform others of this development.

36.    Apogee alleges in the Complaint that in late July 2007, State Street distributed a letter to investors describing the impact of the subprime market on "active fixed income portfolios" that held the Bond Market Fund.  Apogee alleges that this letter failed to mention that the Bond Market Fund was heavily concentrated in subprime bonds and that State Street planned to sell the Fund's highest rated assets in order to meet investor redemption demands.

37.    On or about August 20, Apogee alleges that State Street sent yet another misleading communication to Apogee that disclosed some, but not all of the problems.  All the while, according to the Complaint, State Street continued to liquidate the best assets of the Fund to meet the redemption demands of its internal advisory groups.

38.    According to the Complaint, State Street continued to misrepresent the full extent of the problems with the Bond Market Fund and continued to invest in subprime bonds in July and August 2007.

39.     State Street's alleged actions set forth in the Complaint caused or contributed to any damages alleged by the Plaintiff in this action.  To the extent that the Plan suffered losses by reason of its investment in the Bond Market Fund, those losses were directly and proximately caused by actions or decisions of State Street.

## FIRST COUNTERCLAIM, CROSS-CLAIM, AND THIRD PARTY CLAIM
### Contribution

40.     CitiStreet repeats and realleges paragraphs 1 through 39 above.

41.     If CitiStreet is found to be liable for any claim asserted in the Complaint (liability which CitiStreet denies), then Apogee, the PIC, the PIC Members, SilverOak, and State Street are also liable for their part of any damages claimed by the Apogee Plan during this time period.

42.     Should Plaintiff be awarded any damages in this litigation, Apogee, the PIC, the PIC Members, SilverOak, and State Street will each, individually, share a common liability with CitiStreet.

43.     It would be inequitable for CitiStreet to bear the entire financial burden for damages that arose from such a common liability and third party, counter and cross-claim defendants should not be permitted to benefit from deflecting their own liability on to CitiStreet.

44.     If CitiStreet is found to have fraudulently or negligently made a misstatement as set forth in the Complaint (which CitiStreet denies), its conduct was not a cause or a substantial cause of any harm or loss to the Plan and/or its participants, nor a cause or substantial cause of the Plan and/or its participants being deprived of any assets to which they were entitled, nor a cause of any diminishment of Plan assets.

45.     Accordingly, CitiStreet asks this Court to order that Apogee, the PIC, the PIC Members, SilverOak and State Street be held liable to CitiStreet for contribution and that they be required to pay damages for their part in any losses to the Plan.

## SECOND COUNTERCLAIM, CROSS-CLAIM, AND THIRD PARTY CLAIM
### Common-Law Indemnification

46.     The allegations in paragraphs 1 through 45, above, are realleged and incorporated herein by reference.

47.     If CitiStreet is found to have fraudulently or negligently made a misstatement in August 2007 as alleged in the Complaint, then Apogee, the PIC, the PIC Members, SilverOak, and State Street are substantially more at fault to the extent that the Plan and/or the Plan participants suffered any harm or losses or were deprived of any assets to which they were entitled.

48.     Apogee, the PIC, the PIC Members, SilverOak and State Street should not be permitted to benefit by deflecting responsibility for their own conduct on to CitiStreet.

49.     If CitiStreet is found to have fraudulently or negligently made a misstatement in August 2007, as alleged in the Complaint, its conduct was not a cause or a substantial cause of any harm or loss to the Plan and/or its participants, nor a cause or substantial cause of the Plan and/or its participants being deprived of any assets to which they were entitled, nor a cause of any diminishment of Plan assets.

50.     If CitiStreet is held liable for fraudulently or negligently making a misstatement as set forth in the Complaint (which CitiStreet denies), the resulting harm (if any) to the Plan and/or the Plan participants was the fault of Apogee, the PIC, the PIC Members, SilverOak and State Street.

51.     Accordingly, CitiStreet asks this Court to order that Apogee, the PIC, the PIC Members, SilverOak and State Street be held liable to CitiStreet for indemnification.

## THIRD COUNTERCLAIM
## Indemnification under the Recordkeeping Services Agreement

52.     The allegations in paragraph 1 through 51, above, are realleged and incorporated herein by reference.

53.     Counterclaim Defendant Apogee's Complaint alleges that CitiStreet performed services pursuant to the contractual obligations set forth in the Recordkeeping Services Agreement ("Recordkeeping Agreement").

54.     Article IX of the Recordkeeping Agreement, entitled "Limitations of Liability," states that Apogee agrees to "indemnify and hold State Street" (and therefore CitiStreet) "harmless from any and all liability, claims, damages, costs or expenses (including reasonable attorney's fees) arising from or claimed to have arisen from the performance or nonperformance of this Agreement except liability, claims, damages, costs or expenses arising from . . . negligence or bad faith in performing or failing to perform this Agreement."

55.     In the event CitiStreet is found liable for any losses incurred by the Plan in connection with CitiStreet's services to Apogee under the Recordkeeping Agreement (liability that CitiStreet denies), Apogee is required under the Recordkeeping Agreement to indemnify CitiStreet.

56.     CitiStreet did not act negligently or in bad faith in connection with the services it provided under the Recordkeeping Agreement.

57.     Accordingly, CitiStreet is entitled to indemnification from Apogee under the Recordkeeping Agreement.

## Relief Requested

58.     WHEREFORE, CitiStreet requests the entry of judgment against the Apogee, the PIC, the PIC Members, SilverOak and State Street of reasonable damages for contribution and indemnification.

59.     WHEREFORE Counterclaim Plaintiff CitiStreet additionally requests the entry of judgment against Apogee for indemnification under the Recordkeeping Agreement.

## RESERVATION OF RIGHTS

CitiStreet expressly reserves the right to assert additional counterclaims, cross-claims and third party claims based upon any information that may subsequently become available to it or for any other appropriate reason.

WHEREFORE, CitiStreet demands:

A.     Judgment against Apogee, dismissing the Complaint with prejudice;

B.     In the event that CitiStreet is held liable to Apogee for any alleged losses suffered by the Plan or for any other matter alleged in the Complaint, judgment against Apogee, the PIC, the PIC Members, SilverOak, and State Street for contribution and common-law indemnification;

C.     In the event that CitiStreet is held liable to Apogee for any alleged losses suffered by the Plan or for any other matter alleged in the Complaint, judgment against Apogee for indemnification under the Recordkeeping Agreement; and

D.     Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 22, 2010

                        PAUL, WEISS, RIFKIND, WHARTON &
                           GARRISON LLP

                        By:  /s/ Jonathan H. Hurwitz
                        Lewis R. Clayton (lclayton@paulweiss.com)
                        Jonathan H. Hurwitz (jhurwitz@paulweiss.com)
                        Aliza J. Balog (abalog@paulweiss.com)
                        1285 Avenue of the Americas
                        New York, New York 10019-6064
                        Telephone:  (212) 373-3000
                        Fax:  (212) 757-3990

                        *Attorneys for Defendant ING Institutional Plan*
                        *Services LLC, f/k/a CitiStreet LLC*