UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE STATE STREET BANK AND TRUST CO. FIXED INCOME FUNDS INVESTMENT LITIGATION | Case No. 08-MD-1945 (RJH) |
| This Document Relates To: | |
| APOGEE ENTERPRISES, INC., ON BEHALF OF THE APOGEE ENTERPRISES, INC. 401(K) RETIREMENT PLAN, | |
| Plaintiff, | Case No. 09-CV-1899 (RJH) |
| v. | |
| STATE STREET BANK AND TRUST COMPANY; AND ING INSTITUTIONAL PLAN SERVICES LLC, FORMERLY KNOWN AS CITISTREET LLC, | **DEFENDANT ING INSTITUTIONAL PLAN SERVICES LLC'S ANSWER TO STATE STREET BANK AND TRUST COMPANY'S CROSS-CLAIM** |
| Defendants. | |

Defendant ING Institutional Plan Services LLC (f/k/a CitiStreet, LLC) ("CitiStreet"), by and through its undersigned attorneys, hereby answers State Street Bank and Trust Company's ("State Street") Cross-Claim as follows:

1.      CitiStreet denies the allegations in paragraph 1, except admits that Apogee filed a Complaint on January 26, 2009, and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

2.      CitiStreet denies the allegations in paragraph 2, except respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

3. CitiStreet denies the allegations in paragraph 3 concerning CitiStreet and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, except admits that State Street purports to bring a claim for contribution and/or indemnification against CitiStreet in the event that State Street is held liable to the Plan, and denies that such a purported claim has merit.

4. CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except admits that State Street purports to assert its claims without prejudice.

5. CitiStreet admits, on information and belief, that SSgA is an investment manager with its principal place of business in Boston, Massachusetts and that SSgA is affiliated with SSBT. CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. CitiStreet admits the allegations in paragraph 6.

7. CitiStreet admits the allegations in paragraph 7, except denies that State Street's purported cross-claim has merit.

8. CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, except admits that State Street and Apogee entered into a Recordkeeping Services Agreement that was effective as of January 1, 1999. To the extent that the allegations in paragraph 8 relate to the content of the Recordkeeping Services Agreement, CitiStreet respectfully refers the Court to the Recordkeeping Services Agreement for a complete statement of the terms of that agreement.

9.      CitiStreet denies the allegations in paragraph 9, except admits that CitiStreet LLC was a joint venture formed by Citigroup, Inc. and State Street Corporation in 2000, and admits that CitiStreet subsequently provided certain administrative recordkeeping services to the Apogee Plan that had previously been performed by State Street.  To the extent that the allegations in paragraph 9 relate to the content of the Client Services Agreement between State Street and CitiStreet, CitiStreet respectfully refers the Court to the Client Service Agreement for a complete statement of the terms of that agreement.

10.      CitiStreet denies the allegations in paragraph 10, except admits that it provided certain administrative recordkeeping services to the Apogee Plan, and that State Street provided letters and communications that it had authored to CitiStreet with the express purpose that they be passed on, unchanged, to Apogee.

11.      CitiStreet denies the allegations in paragraph 11 and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

12.      CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

13.      CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

14.    CitiStreet denies the allegations in paragraph 14 and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

15.    CitiStreet denies the allegations in paragraph 15 and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

16.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except admits that on August 30, 2007 Apogee withdrew from the Bond Market Fund and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

17.    CitiStreet admits the allegations in paragraph 17.

18.    CitiStreet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except admits on information and belief that the value of the Bond Market Fund dropped between August 9 and August 30, 2007 and respectfully refers the Court to the Complaint for a complete statement of Plaintiff Apogee's allegations and to CitiStreet's Answer for a complete statement of its responses thereto.

19.    CitiStreet denies the allegations in paragraph 19.

20.    CitiStreet denies the allegations in paragraph 20.

21.    CitiStreet repeats its responses to paragraphs 1 through 20 above.

22.    CitiStreet denies the allegations in paragraph 22.

23.    CitiStreet denies the allegations in paragraph 23.

24.     CitiStreet denies the allegations in paragraph 24, except admits that if both State Street and Citistreet are found to be liable for the actions alleged in the Complaint, that State Street either shares in common liability with CitiStreet, Apogee, the PIC, the PIC Members, and SilverOak, or, along with Apogee, the PIC, the PIC Members, and SilverOak is substantially more at fault and the true source of any losses suffered by the Plan in August 2007.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Cross-Claim fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Any injuries that the Plan is found to have sustained are a direct result of State Street's and the Plan fiduciaries' failure to exercise reasonable prudence and care.

#### Third Affirmative Defense

Should the Plan be awarded any damages in this litigation by virtue of CitiStreet and State Street's alleged conduct, the PIC, the PIC Members, SilverOak, and State Street will each, individually, share a common liability with CitiStreet.

#### Fourth Affirmative Defense

Should CitiStreet be found to have acted as alleged in the Complaint, then State Street, Apogee, the PIC, the PIC Members, and SilverOak are substantially more at fault to the extent that the Plan and/or the Plan participants suffered any harm or losses or were deprived of any assets to which they were entitled.  CitiStreet's conduct was not a cause or a substantial cause of any harm or loss to the Plan and/or its participants, nor a cause or substantial cause of the Plan and/or its participants being deprived of any assets to which they were entitled, nor a cause of any diminishment of Plan assets and the

resulting harm (if any) to the Plan and/or the Plan participants was the fault of Apogee, the PIC, the PIC Members, SilverOak and State Street.

### Fifth Affirmative Defense

To the extent that plaintiff or the Plan have suffered any injuries or damages, CitiStreet did not proximately cause such injuries or damages.

### Sixth Affirmative Defense

State Street's claim is barred, in whole or in part, because CitiStreet acted in good faith, in accordance with applicable law, and without knowledge of any wrongful acts or intent.  Any and all acts taken by CitiStreet were lawful, proper, and consistent with its duties and obligations to plaintiff and/or State Street.

### Seventh Affirmative Defense

The conduct of persons and/or entities other than CitiStreet was a superseding or intervening cause of the alleged losses.

### Eighth Affirmative Defense

State Street's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defense

CitiStreet is not liable to State Street because plaintiff failed to avoid or mitigate any alleged damages.

### **RESERVATION OF RIGHTS**

CitiStreet presently lacks sufficient knowledge or information to form a belief as to whether it may have additional affirmative defenses and expressly reserves any and all rights to assert additional affirmative defenses in the event it discovers facts supporting such defenses.

WHEREFORE, CitiStreet demands:

A.    Judgment against State Street, dismissing the Cross-Claim with

prejudice;

B.    Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 3, 2010

PAUL, WEISS, RIFKIND, WHARTON &
    GARRISON LLP


By:   /s/ Jonathan H. Hurwitz
    Lewis R. Clayton (lclayton@paulweiss.com)
    Jonathan H. Hurwitz (jhurwitz@paulweiss.com)
    Aliza J. Balog (abalog@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone:  (212) 373-3000
Fax:  (212) 757-3990

*Attorneys for Defendant ING Institutional Plan
Services LLC, f/k/a CitiStreet LLC*

7